UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

2591028 ONTARIO LIMITED　　　　　　　　　　　　　Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,

                                  Plaintiff,

                            - against -

ADVACARE INC.,　　　　　　　　　　　　　　　　　**ORAL ARGUMENT
　　　　　　　　　　　　　　　　　　　　　　　　　REQUESTED**

                                Defendant.
------------------------------------------------------------------x

The motion to compel documents that defendant claims do not exist is denied. However, defendant shall produce an affidavit by an officer of the company describing the scope of the search, when and where (specifically) the search was conducted and by whom and whether it was repeated in response to plaintiff's complaint, and that no other documents other than those produced were found after a diligent search. The affidavit shall be produced in seven days. Plaintiff may depose the affiant, and any others mentioned in his affidavit. Defendant is precluded from using at trial any document not produced.

SO ORDERED.

/s/ Alvin K. Hellerstein
February 23, 2022

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

                                                    **TWERSKY PLLC**
                                                    747 Third Avenue, 32nd Floor
                                                    New York, New York 10017
                                                    (212) 425-0149

                                                   *Attorneys for Plaintiff*
                                                   *2591028 Ontario Limited*
                                                   *d/b/a Focus Global*

Of Counsel:
    Aaron Twersky, Esq.
    Ilana Neufeld, Esq.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. ii

**INTRODUCTION** ...................................................................................................................... 1

**PRELIMINARY STATEMENT** ............................................................................................... 1

**BACKGROUND & FACTS** ..................................................................................................... 2

**ARGUMENT** ............................................................................................................................. 4

**POINT I**
**THE STANDARD FOR A MOTION**
**TO COMPEL THE PRODUCTION OF DOCUMENTS** .......................................... 4

**POINT II**
**THE COURT MUST COMPEL DEFENDANT TO PRODUCE**
**THE DOCUMENTS SINCE THEY ARE RELEVANT EVIDENCE** ....................... 5

**CONCLUSION** ......................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES:**

*Christine Asia Co. v. Alibaba Grp. Holding Ltd.*,
    2018 WL 4941773, at *1 (S.D.N.Y. 2018) ............................................................. 4

*EM Ltd. v. Republic of Argentina*,
    695 F.3d 201, 207 (2d Cir. 2012) ......................................................................... 4

*In re Agent Orange Prod. Liab. Litig.*,
    517 F.3d 76, 103 (2d Cir. 2008) ........................................................................... 4

**STATUES & RULES:**

Fed. R. Civ. P. 26 (b)(1) ............................................................................................... 5

Fed. R. Civ. P. 26(e)(1) ................................................................................................ 4

Fed. R. Civ.  P. 37(a)(1) ............................................................................................... 4

Fed. R. Civ. P. 37(a)(2)(A) ....................................................................................... 3-4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
2591028 ONTARIO LIMITED                          Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,
                                                 MEMORANDUM OF
                        Plaintiff,               LAW IN SUPPORT
                                                 OF PLAINTIFF'S
            - against -                          MOTION TO COMPEL

ADVACARE INC.,                                   ORAL ARGUMENT
                                                 REQUESTED
                        Defendant.
------------------------------------------------------------------ x
```

## INTRODUCTION

Plaintiff 2591028 Ontario Limited d/b/a Focus Global ("Focus Global" or "Plaintiff") files this Memorandum of Law in support of its Motion to Compel the production of documents ("Motion to Compel") against Defendant Advacare Inc. ("Advacare" or "Defendant"), pursuant to Federal Rule of Civil Procedure 37. For the reasons stated below, this Motion to Compel must be granted.

## PRELIMINARY STATEMENT

This case began on or about August 24, 2020, when Defendant approached Plaintiff to purchase SciCan Optim 1 Wipes and SciCan Optim 33TB Wipes (the "Goods") at a price of $31.50 per unit, at the aggregate purchase price of $3,789,072.00 (the "Purchase Price"). At the time, prices had risen on these items due to the COVID-19 pandemic and the unusually high demand. Additionally, supply chains were disrupted at the time, and the initial delivery date was revised. Even with the delay, Defendant reiterated its commitment to purchase the Goods numerous times. However, on or about October 12, 2020, Defendant breached the contract it had with Plaintiff completely and did not accept delivery of the Goods and did not pay the balance of the Purchase Price owed. This breach damaged the Plaintiff in excess of

1

$3,000,000.00. Plaintiff believes that Defendant breached the contract and refused to accept the Goods from Plaintiff, because it was able to purchase the Goods, or similar style items, from another vendor at a lesser price. As the Court is well aware, the prices for these kinds of items fluctuated consistently in the early months of the COVID-19 pandemic, and instead of Defendant honoring its commitment and contract with Plaintiff, it simply sourced the Goods from a cheaper vendor. This left Plaintiff with millions of dollars' worth of the Goods, with no purchaser.

Therefore, documents regarding Defendant's purchase and sale of the Goods, or similar or the same items, were requested from Defendant. These documents are relevant and imperative to Plaintiff's case, to show that Defendant knowingly continued sourcing these items and Goods from other providers, and sold them openly, and intentionally breached its contract with Plaintiff, simply because it found a cheaper provider. Despite this, Defendant did not produce these documents and therefore Plaintiff brings this Motion to Compel.

## **BACKGROUND & FACTS**

Plaintiff initiated this action against Defendant on or about December 22, 2020 by filing the Complaint (PACER Doc. 1). On or about June 11, 2021, Plaintiff amended its pleading and filed the Amended Complaint, asserting claims for breach of contract, promissory estoppel, negligent misrepresentation and account stated (PACER Doc. 24). On June 25, 2021, Defendant filed its Answer to the Amended Complaint, which included affirmative defenses and counterclaims (PACER Doc. 25). On or about July 21, 2021, Plaintiff filed its Amended Answer to Counterclaims (PACER Doc. 26).

On or about September 3, 2021, Plaintiff served its First Request for the Production of Documents on Defendant ("First Request for Production of Documents"). A true and correct copy of the First Request for Production of Documents is attached as Exhibit A to the

2

Declaration of Aaron Twersky ("Twersky Decl."). The First Request for Production of Documents included requests for:

- "documents and/or communications relating to the Goods,"

- "documents and/or communications relating to the purchase of similar or the same goods you purchased from any other third-party suppliers from January 1, 2020 to the present,"

- "documents, communications, invoices, receipts, purchase orders, shipping documents, bill of ladings, and/or any related documents, for any other supplier, vendor, and/or provider of SciCan Optim 1 Wipes and SciCan Optim 33TB Wipes, disinfectant wipes, and/or any related wipe product, from January 1, 2020 to the present,"

- "documents, communications, invoices, receipts, purchase orders, shipping documents, bill of ladings, and/or any related documents, for any other customer, client, and/or purchaser of SciCan Optim 1 Wipes and SciCan Optim 33TB Wipes, disinfectant wipes, and/or any related wipe product, from January 1, 2020 to the present" and

- "documents, communications, invoices, receipts, purchase orders, shipping documents, bill of ladings, and/or any related documents, for" specific entities known to be customers of Defendant.

*See* Exhibit A, Request Nos. 6, 8 and 16-18.

On or about October 18, 2021, Defendant produced documents responsive to Plaintiff's First Request for Production of Documents. Although Defendant produced some documents, documents responsive to some requests, including, but not limited to, Request Nos. 6, 8 and 16-18, were facially deficient. Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(a)(1), Plaintiff's counsel reached out to Defendant's counsel on January 20, 2022, again on January 26, 2022, again on February 11, 2022 and again on February 18, 2022, to meet and

3

confer in good faith and to request these documents. *See* Twersky Decl., ¶ 4. However, on February 18, 2022, Defendant claimed that it had "no other responsive documents." *See* Twersky Decl., ¶ 5. A true and correct copy of this email chain is attached as Exhibit B to the Twersky Decl. As detailed above, these documents are relevant and vital to Plaintiff's action, as they will show that Defendant intentionally breached its contract with Plaintiff, purchased the Goods from a different supplier and still sold them to its customers. Therefore, due to Defendant's deficiency in production and refusal to supplement its responses, Plaintiff is forced to file this Motion to Compel Defendant's production of documents.

## ARGUMENT

### POINT I

#### THE STANDARD FOR A MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff brings this Motion to Compel pursuant to Fed. R. Civ. P. 37, which provides that should a party refuse to comply with discovery, the requesting party may move the court to compel production of documents. *See* Fed. R. Civ. P. 37(a)(2)(A). Courts have "broad latitude to determine the scope of discovery and manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). Additionally, "motions to compel, pursuant to Rule 37, are left to the sound discretion of the court." *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 2018 WL 4941773, at *1 (S.D.N.Y. 2018). Furthermore, "a party . . . who has responded to . . . [a] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . " *See* Fed. R. Civ. P. 26(e)(1). Therefore, the Court has the authority to compel Defendant's production of the requested documents, which should have already been provided.

4

Accordingly, Plaintiff's Motion to Compel must be granted.

## POINT II

### THE COURT MUST COMPEL DEFENDANT TO PRODUCE THE DOCUMENTS SINCE THEY ARE RELEVANT EVIDENCE

Fed. R. Civ. P. 26 (b)(1) provides that through discovery, parties may request and receive all documents relevant to their claims. *See* Fed. R. Civ. P. 26 (b)(1). As Plaintiff stated above, the claims in this action revolve around Defendant's breach of the contract for the purchase of the Goods, which severely damaged Plaintiff, as it was forced to sell the Goods for less than what Plaintiff paid to procure the Goods for Defendant, and at a significant loss. Defendant, absent any excuse and in violation of the law, breached the contract and purchased the same or similar goods at a reduced cost. Without purchasing the same or similar goods from another vendor or seller, Defendant would not have been able to fulfill its own clients' orders, as it is a re-seller. Therefore, all documents relating to Defendant's purchase of the same or similar goods is relevant and vital to Plaintiff's action, as well as are documents relating to Defendant's clients' orders for the same or similar goods.

These missing documents go to the heart of Plaintiff's claim, and will prove that Defendant intentionally breached its contract with Plaintiff, solely in order to purchase the Goods from another supplier at a lesser price, despite the consequences it would have on Plaintiff. The documents will show that Defendant did indeed still purchase the Goods or similar items, and still sold them to its own customers. Again, this was all done knowing Defendant had an agreement with Plaintiff and knowing Plaintiff would be significantly damaged, all for Defendant's own pecuniary gain. Defendant did not give over these documents in its initial production of documents, and now claim that it has "no other responsive documents." *See* Twersky Decl., ¶ 5; *see also* Exhibit B. However, this cannot be the case, unless Defendant is

5

being untruthful to its counsel, destroyed these relevant documents even though it had been in active litigation already, or if it stopped selling the Goods from the moment it breached the contract.

However, Plaintiff knows that Defendant is still selling the Goods, or similar items, as they are still currently available for purchase on Defendant's website.  A true and correct screenshot of the Goods for sale on Defendant's website is attached as Exhibit C to the Twersky Decl.  This is further proof that instead of honoring its contract with Plaintiff, Defendant instead chose to purchase the Goods elsewhere, obviously at a cheaper price, in order to profit more.  This also shows that it is a factual impossibility for Defendant to not have responsive documents to Request Nos. 6, 8 and 16-18, as Defendant is still actively selling the Goods.

Time and time again, Defendant continued to confirm that it still would purchase the Goods from Plaintiff, and honor its agreement, even though the delivery date was delayed. Plaintiff relied on Defendant's confirmation, but once Defendant found a better deal it refused to accept delivery of the Goods from Plaintiff and instead allowed Plaintiff to falter, literally holding the proverbial bag of Goods.  Instead of paying Plaintiff for the Goods Defendant knowingly entered into contract to purchase, Defendant simply changed its mind and purchased the Goods elsewhere.  This is uncontroverted and therefore, Defendant must be compelled to produce these documents.

Despite the clear relevance, Defendant has not produced the full scope of these documents, as these items are missing from Defendant's production and the amount of items Defendant ordered from Plaintiff are not accounted for. Therefore, logically, there must be more documents, such as sales orders, bills of lading, invoices, receipts, purchase orders, shipping documents and other documents relating to the purchase and sale of the same or similar goods.

6

Alternatively, Defendants' clients may have cancelled their orders, but when asked, Defendant did not indicate that this was the case and has not produced any documents showing this. Therefore, Defendant must be compelled to produce any and all documents responsive to Request Nos. 6, 8 and 16-18.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: a) grant its Motion to Compel in its entirety; b) compel Defendant to produce all relevant documents in this action, and specifically to supplement its responses and provide documents responsive to Request Nos. 6, 8 and 16-18; and c) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 22, 2022

                                      **TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
(212) 355-5009 (fax)
atwersky@twerskylaw.com (e-mail)
ineufeld@twerskylaw.com (e-mail)

*Attorneys for Plaintiff*
*2591028 Ontario Limited*
*d/b/a Focus Global*

To:

Clerk of the Court (via ECF)

All Counsel (via ECF)

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
2591028 ONTARIO LIMITED                              Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,

                             Plaintiff,

                  - against -

ADVACARE INC.,                                       **ORAL ARGUMENT
                                                     REQUESTED**

                           Defendant.
-------------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**


**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149


*Attorneys for Plaintiff 2591028 Ontario Limited d/b/a Focus Global*