The Clerk shall seal Exhibits A-F of ECF No. 60, the Re
Declaration, viewable only by the parties and Chambers
personnel.

SO ORDERED.

Dated: 3/4/24                    /s/ Alvin K. Hellerstein
New York, New York               Alvin K. Hellerstein
                                 United States District Judge



**Michael S. Re**
Partner
NY and NJ Bars
Email: mre@moritthock.com

June 30, 2023

**VIA ECF (AND FAX 212-805-7942)**

The Honorable Alvin K. Hellerstein
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, New York 10007

> **Re:** ***2591028 Ontario Limited d/b/a Focus Global***
> ***v. Advacare Inc.*, Case No. 1:20-CV-10876 (AKH)**

Dear Judge Hellerstein:

      This firm is counsel to Defendant Advacare, Inc. ("Advacare") in the above-captioned
action. Advacare respectfully requests that this Court grant it permission to file under seal certain
documents referenced in the Reply Declaration of Michael S. Re, dated June 30, 2023 (the "Re
Reply Declaration"), to be filed in further support of Advacare's motion seeking, *inter alia*, an
order pursuant to FRCP 37 compelling Plaintiff 2591028 Ontario Limited d/b/a Focus Global
("Focus Global" or "Plaintiff") to produce outstanding discovery. Dkt. No. 50.

      Specifically, Advacare seeks leave to file under seal the following documents annexed to
the Re Reply Declaration, each of which has been designated as "confidential" by Plaintiff Focus
Global pursuant to the confidentiality agreement dated May 18, 2022, entered into by the parties
herein ("Confidentiality Agreement") (a copy of the Confidentiality Agreement is annexed hereto
as **Exhibit "1"**):

      Re Reply Declaration, Exhibit A:

>       United States Department of Homeland Security, United States Customs
> and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No.
> 0043911-5, and related documents (produced by Plaintiff as Document Nos.
> 00100-00104);

---



The Honorable Alvin K. Hellerstein
June 30, 2023
Page 2 of 3

     Re Reply Declaration, Exhibit B:

        United States Department of Homeland Security, United States Customs and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No. 0046307-3, and related documents (produced by Plaintiff as Document Nos. 00129-00130, 00133-00134);

     Re Reply Declaration, Exhibit C:

        United States Department of Homeland Security, United States Customs and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No. 0046646-4, and related documents (produced by Plaintiff as Document Nos. 00135-00137, 00139-00141);

     Re Reply Declaration, Exhibit D:

        United States Department of Homeland Security, United States Customs and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No. 0047029-2, and related documents (produced by Plaintiff as Document Nos. 00122-00124, 00127-00128);

     Re Reply Declaration, Exhibit E:

        United States Department of Homeland Security, United States Customs and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No. 0049136-3, and related documents (produced by Plaintiff as Document Nos. 00110-00115, 00117-00120);

     Re Reply Declaration, Exhibit F:

        United States Department of Homeland Security, United States Customs and Border Protection Entry Summary, CBP Form 7501 (12/19), Entry No. 0049879-8, and related documents (produced by Plaintiff as Document Nos. 00105-00109, 00118).



The Honorable Alvin K. Hellerstein
June 30, 2023
Page 3 of 3


This motion is made necessary because Plaintiff has designated these documents, which were produced by Plaintiff in discovery, as "confidential" pursuant to paragraph "2" of the Confidentiality Agreement. Advacare previously requested that counsel for Plaintiff Focus Global remove the confidentiality designation for the documents. A copy of Advacare's request is annexed hereto as **Exhibit "2."** However, Plaintiff has refused to modify the "confidential" designations of the documents. Accordingly, Advacare seeks to file the documents under seal unless and until the Court determines that the documents should not be designated "confidential." The undersigned is available to speak with the Court should Your Honor have any questions or concerns regarding this request.

Respectfully submitted,

*s/ Michael S. Re*

Michael S. Re


cc:     Plaintiffs' counsel via ECF

3314944v1

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

2591028 ONTARIO LIMITED            Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,

                Plaintiff,        **STIPULATED**
                                 **CONFIDENTIALITY**
           - against -            **AGREEMENT AND**
                                 **<u>PROTECTIVE ORDER</u>**

ADVACARE INC.,

                Defendant.
------------------------------------------------------------------ x

ALVIN K. HALLERSTEIN, District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed by the Parties in the course of discovery in this action) that a Party has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.     The Party producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information or tax documents (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, trade secrets, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or

(f) any other category of information this Court subsequently affords confidential status.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by:

(a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and

(b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.   A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" Discovery Material either by:

(a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or

(b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.   If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.   Nothing contained in this Order will be construed as:

(a) a waiver by a Party or person of its right to object to any discovery request;

(b) a waiver of any privilege or protection; or

(c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

3

7.     Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistants that such counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, as well as members of the mediator or arbitrator's staff and/or assistants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action;

4

(i) additional persons, parties, or entities whom the parties to this action have expressly agreed in writing may receive Confidential Material, subject to any additional conditions to which the parties may agree in writing, and/or

(j) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), 7(g) or 7(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. In accordance with paragraph 4 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford

confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve (via email or US mail) this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(B)(ii) of this Court's Individual Practices.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(B)(ii) of this Court's Individual Practices.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, or any corresponding mediations and/or arbitrations, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order,

6

however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

15.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     The failure of the Receiving Party to challenge the confidential status of any Confidential Discovery Material under this Order at the time of production shall not be deemed a waiver of the Receiving Party's right to subsequently challenge the propriety of such designation at any time thereafter.

18.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the

7

attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action that generally relies upon counsel's examination of Confidential Discovery Material, provided that in rendering such advice and otherwise communicating with the client, counsel shall not disclose any redacted, Confidential Discovery Material that the client is not otherwise entitled to receive.

21.     The designation of Material as Confidential  shall not prevent that Material from being offered and received into evidence at trial, or any hearing or oral argument, provided that appropriate precautions (to the extent permitted) are taken at such trial, hearing, or oral argument to maintain the confidentiality of the Confidential Discovery Material.

22.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**- Remainder of Page Intentionally Left Blank -**

**SO STIPULATED AND AGREED.**

Dated: New York, New York
      May 18, 2022

      **TWERSKY PLLC**


By: _____
      Aaron Twersky, Esq.
      747 Third Avenue, 32nd Floor
      New York, New York 10017
      (212) 425-0149
      atwersky@twerskylaw.com

      *Attorneys for Plaintiff*
      *2591028 Ontario Limited d/b/a*
      *Focus Global*

Dated: New Hempstead, New York
      May 18, 2022

      **LAW OFFICES OF**
      **BRUCE W. MINSKY, P.C.**


By: /Bruce Minsky/ _____
      Bruce W. Minsky, Esq.
      112 Brick Church Road
      New Hempstead, New York 10977
      (646) 234-7006
      bwminsky@gmail.com

      *Attorneys for Defendant*
      *Advacare Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
2591028 ONTARIO LIMITED                          Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,

                Plaintiff,                  **NON-DISCLOSURE**
                                                 **AGREEMENT**

           - against -

ADVACARE INC.,
                Defendant.
-------------------------------------------------------------- x

        I, _____, acknowledge that I have read and understand the

*Stipulated Confidentiality Agreement and Protective Order* ("Protective Order") in this action

governing the non-disclosure of those portions of Discovery Material that have been designated as

Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other

than for purposes of this litigation and that at the conclusion of the litigation I will return all

discovery information to the Party or attorney from whom I received it.  By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction

of the United States District Court for the Southern District of New York for the purpose of any

issue or dispute arising hereunder and that my willful violation of any term of the Protective Order

could subject me to punishment for contempt of Court.


By: _____

Dated: _____

Exhibit 2



**Michael S. Re**
Partner
NY & NJ Bars
Email: mre@moritthock.com

June 2, 2023

**VIA EMAIL (atwersky@twerskylaw.com)**

Aaron Twersky, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017

      **Re:**    ***2591028 Ontario Limited d/b/a Focus Global v. Advacare Inc.***
                    **Case No. 1:20-CV-10876**

Dear Mr. Twersky:

        I write to follow up concerning Plaintiff 2591028 Ontario Limited d/b/a Focus Global's ("Focus Global") supplemental production of documents dated March 28, 2023, and Bates-stamped 001-00213 (collectively, the "Documents") as well as the spreadsheet produced by your office on January 31, 2023 (the "Spreadsheet"). With the apparent exception of communications between the parties, it appears that the remainder of the documents have been designated as "Confidential" pursuant to the Confidentiality Agreement dated May 18, 2022 ("Agreement"). Pursuant to paragraph "12" of the agreement, Advacare hereby objects such wholesale designation of documents as "Confidential."

        It is plain by the face of the documents that a good faith argument for confidentiality, in accordance with the requirements of paragraph "2" of the Confidentiality Agreement, cannot be made, in, that, none of the provisions of paragraph "2" of the Confidentiality Agreement applies to all such documents. For example, Plaintiff has designated documents filed with the U.S. Customs and Boarder Protection as "Confidential," yet such documents do not contain the information specified in paragraph "2" of the Confidential Agreement. Likewise, the Spreadsheet should — as we have previously requested —be produced in unredacted form and without any confidentiality designation.

Aaron Twersky, Esq.
Twersky PLLC
June 2, 2023
Page 2


     Accordingly, we demand, in accordance with the confidentiality provisions of the Court's rules that the "confidentiality" designation be removed from all documents, except as set forth in paragraph "2" of the Confidentiality Agreement, the Spreadsheet be produced in unredacted form and without any designation of "confidentiality."

     Nothing herein shall be construed as an election of any rights and/or any remedies by Advacare, all of which are reserved.

Very truly yours,

*s/ Michael S. Re*

MSR:aww                                       Michael S. Re