UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
2591028 ONTARIO LIMITED d/b/a FOCUS
GLOBAL,

         Plaintiff,

  -against-

ADVACARE INC.,

         Defendant.
-------------------------------------------------------------- x

**ORDER**

20 Civ. 10876 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  The instant dispute arises out of an alleged breach of contract. 2591028 Ontario Limited d/b/a Focus Global ("Ontario"), asserts that Advacare, Inc. ("Advacare") breached the parties' contract for the sale of SciCam Optim 1 Wipes and SciCam 33TB Wipes ("the goods") by failing to accept delivery of the bargained-for goods, as well as by failing to pay for the unaccepted goods. ECF No. 24. Ontario now moves for summary judgment on its Complaint.

**Background**

  Between August 21, 2020, and August 24, 2020, the parties entered into a contract through WhatsApp messages sent between Ari Brown ("Brown"), the President of Advacare, and Gabriel Kalfa ("Kalfa"), the Director of Sales for Focus Global. The original terms of the contract stipulated that Kalfa would ship 120,288 units of the goods to Brown, who would pay for them at a rate of $31.50 per unit, resulting in an aggregate price of $3,789,072. ECF No. 75. Kalfa informed Brown that he would send him an invoice for the order, and asked whether the parties' prior down payment arrangement would be used again in this exchange. Brown responded with "Ok lmk. That's fine." *Id.* On August 27, 2020, Brown wired Kalfa a 10% deposit of the purchase price to confirm the order.

1

While an initial portion of the goods was delivered on time, delays caused by the COVID-19 pandemic resulted in delivery delays for the remaining goods. Kalfa informed Brown of this delay via voice note, stating that the goods would be delivered by mid-November. In light of this delayed delivery, the parties re-negotiated the price of the goods by voice memo, with Brown saying he would be willing to take even the delayed goods at a price of $25.00 per unit. Kalfa then confirmed this new price, and Brown instructed him to update the invoice to reflect the new price. Moreover, Kalfa then applied $125,000 of Brown's prior 10% deposit towards another sales order the parties were working on together.

During early October, Brown expressed concern that the market prices for disinfectant wipes like those contracted for were dropping, putting them lower than the parties' modified contract price. Brown asked Kalfa if anyone could take over his invoice, stating that he wanted to either renegotiate the price term or reallocate the wipes order to another. Kalfa informed him that the prices were set per their amended agreement, and the contract had been allocated to Advacare, so the goods could not be sent elsewhere. Kalfa shipped the goods to Brown per the new delivery schedule, and Kalfa refused to accept them or pay the balance of the price owed.

Soon after, Ontario filed suit, alleging claims of breach of contract, promissory estoppel, negligent misrepresentation, and account stated. It now moves for summary judgment on the Complaint, as well as dismissal of Advacare's counterclaims. ECF No. 74.

**Legal Standard**

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

2

*Inc.*, 477 U.S. 242, 248 (1986). Moreover, all reasonable inferences must be made and all ambiguities resolved in favor of the non-moving party. *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).

**Discussion**

A. Ontario's Motion for Summary Judgment

Upon review of the papers, Ontario's motion for summary judgment is granted as to its breach of contract claim. Under New York law, a valid breach of contract exists requires "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). All these elements are met here. First, an agreement existed between the parties: Kalfa reached out to Brown, with whom he had prior dealings, and asked "any interest in these?" referring to the goods. ECF No. 75 at ¶ 3. Brown responded with "I'll take the optim," accepting Kalfa's offer. *Id.* The two later filled in the specific terms of price and amount, landing on 120,288 units of wipes at a rate of $31.50 dollars per unit. ECF No. 75 at ¶ 4. An agreement therefore existed between the parties.

Ontario also adequately performed the contract. While the delivery of a portion of the good was delayed, the parties validly modified the contract. Under New York law, parties who wish to modify the terms of their contract may do so, and enforce those new terms, so long as a valid contract exists and mutual assent to the new terms is apparent. *Balk v. N.Y. Inst. of Tech.*, 683 Fed. Appx. 89, 95 (2d Cir. 2017). It has already been established that a valid agreement existed between Ontario and Advacare. There is also clear assent to the new terms, namely delayed delivery date in exchange for a reduced price. Brown wrote that he was willing to take the goods with the delay for a reduced price of $25 dollars per unit. ECF No. 75 at ¶ 12.

Kalfa replied with "Okay. Confirmed. *Id.* Brown then instructed Kalfa to update the invoice and send it back to him, which Brown later confirmed he received. *Id.* Accordingly, the new terms were made clear to both parties, and both parties agreed to the modification. Thus, despite the delay in delivery of the wipes by Ontario, adequate performance was still made by the plaintiff, in accordance with the contract modification.

Advacare proceeded to breach the contract. By failing to both accept the bargained-for goods, as well as pay the contract price for them, Advacare did not hold up its end of the bargain, resulting in breach.

Finally, Ontario has pled that it suffered damages as a result of Advacare's failure to perform. Advacare failed to pay the remaining balance of $2,174,266.80 it was contractually bound to pay. Ontario pleads that it was unable to fully mitigate its damages, and it had to sell some of the goods at a loss, while others could not be sold at all due to their expiration date. ECF No. 25.

Advacare's opposing argument that a material question of fact still exists, particularly, whether Ontario breached the implied warranty of merchantability because it failed to file a notice of arrival with Customs and Border Protection ("CBP") as required by 19 C.F.R. §12.113(a), does not undermine this grant of summary judgment. The contracted-for goods contain chemicals classified as pesticides in the United States by the Environmental Protection Agency ("EPA"). Accordingly, they are subject to certain regulatory requirements, among them that they were produced in an EPA-registered facility, and labeled accordingly with that establishment number. 40 C.F.R. § 167.20(a)(3). Additionally, a notice of arrival must be filed with Customs and Border Protection "upon entry of the pesticides or devices into the United States." 19 C.F.R. §12.113(a). But the consequences for the failure to do each of these tasks is

4

different. If a seller fails to show that goods were produced in an EPA-registered facility, those goods cannot be sold in the United States. 7 U.S.C.A. § 136a ("no person in any state may distribute or sell to any person any pesticide that is not registered under [FIFRA]."). This would make the goods unmerchantable for any United States buyer. If a notice of arrival is not filed, however, the consequence is that the goods *may* be detained by CBP upon importation. 19 C.F.R. §12.113(b). If they evade detention, though, there is no impediment to their sale.

The goods here were registered by the EPA: Ontario provided documentation in its reply brief, which the defense had ample time to respond to, that the goods were duly registered with the EPA and marked as such, as required by 40 C.F.R. § 167.20(a)(3). They were therefore merchantable within the United States. Ontario seemingly did not file a notice of arrival for the goods with CBP, though, as required by 19 C.F.R. §12.113(a). However, the goods were not detained at the border and instead were delivered to Brown. Thus, the only consequence for a failure to file a notice of arrival for the goods was not and will not be felt, as the goods were received and could be safely resold within the United States. The implied warranty of merchantability was therefore not breached, and no material issues of fact remain which would impede the grant of summary judgment.

B. Advacare's Counterclaims

Advacare first alleges a counterclaim of breach of contract by Ontario, asserting that (1) the failure to file a notice of arrival with CBP made the goods unsellable, in violation of the assurances and promises made by Kalfa; and (2) that nothing in the contract prevented Brown from "withdrawing from the August offer." ECF No. ¶ 42-45. Per the discussion of the EPA registration and filings above, the first portion of this breach of contract claim is without merit. As for the second argument that nothing prohibited Brown from cancelling the offer, that is flatly

incorrect. As explained, a valid contract existed between the parties. Kalfa gave an offer, and Brown accepted it, codified through an invoice (as well as a later updated invoice), and a deposit payment. Thus, a valid contract existed and could not be cancelled without a breach. Advacare's first counterclaim is thus dismissed.

Advacare additionally counterclaims for negligent misrepresentation, relying again on Kalfa's failure to file the notice of arrival, thereby misrepresenting Advacare's ability to resell the goods in the United States. Because the goods were merchantable and contained the required registration under 40 C.F.R. § 167.20(a)(3), this argument is without merit and is dismissed.

## Conclusion

Plaintiff's motion for summary judgment is granted as to the breach of contract claim. Since a breach was found, the promissory estoppel claim must be dismissed. *Joshi v. Trustees of Columbia University in the City of New York,* No. 21-418 2022 U.S. App. LEXIS 21963, at *4 (2d Cir. Aug, 9, 2022). Additionally, plaintiff has failed to make a showing of negligent misrepresentation, or of account stated, which are not appropriate actions on these facts. Those claims are therefore dismissed. Summary judgment is granted to Ontario for Advacare's breach of contract, and Advacare's counterclaims are dismissed.

The Clerk shall terminate ECF No. 73.

Although issues of liability have been determined, the issue of damages remain open. I refer this case to Hon. Ona T. Wang, USMJ, to make that determination, and then to return the case to me so that I can enter judgment.

SO ORDERED.

Dated: May 6, 2024
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge