UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

2591028 ONTARIO LIMITED                          Case No. 1:20-cv-10876-AKH
d/b/a FOCUS GLOBAL,

               Plaintiff,

          - against -                          **FINDINGS OF FACT AND**
                                                 **CONCLUSION OF LAW**
ADVACARE INC.,

              Defendant.

----------------------------------------------------------------------- x

## INTRODUCTION

Plaintiff 2591028 Ontario Limited d/b/a Focus Global ("Focus Global" or "Plaintiff") respectfully submits this Proposed Findings of Fact and Conclusions of Law, pursuant to the Order dated August 16, 2024 ("Order") (D.E. 110). For the reasons stated below, Plaintiff is entitled to $1,613,473.16 in actual damages, plus prejudgment interest.

## FINDINGS OF FACT

### A.      The Contract

1.      Between August 21, 2020 and August 24, 2020, Focus Global and Defendant Advacare Inc. ("Defendant" or "Advacare") entered into a contract through WhatsApp ("Contract"). A true and correct copy of these WhatsApp Messages are attached as Exhibit A to the Declaration of Gavriel Kalfa ("Kalfa Decl."), ¶¶ 3-4.

2.      On or about August 21, 2020, Gavriel Kalfa, Director of Sales of Plaintiff Focus Global ("Kalfa"), offered Ari Brown, President of Defendant Advacare Inc. ("Brown"), SciCan Optim 1 Wipes and SciCan Optim 33TB Wipes (the "Goods") for sale. *See* Exhibit A, WhatsApp Messages, p. 4 (8/21/20, 2:59 PM, "Gavriel Kalfa: Any interest in these?"); *see also*

1

Kalfa Decl., ¶ 5.

3.      Brown confirmed that he would purchase the Goods and confirmed the order and the Contract. *See* Exhibit A, WhatsApp Messages, p. 4 (8/21/20, 3:00 PM and 8/21/20 3:53 PM, "Ari Brown: I'll take the optim"; "Gavriel Kalfa: Okay great. Locking it in for you."; "Gavriel Kalfa: Order confirmed and all booked for you."); *see also* Kalfa Decl., ¶ 6.

4.      On or about August 24, 2020, Plaintiff and Defendant agreed upon a price of $31.50 per unit, and an aggregate purchase price of $3,789,072.00 ("Original Purchase Price"), and Kalfa sent the sales order ("Sales Order") for the Goods to Advacare. *See* Exhibit A, WhatsApp Messages, p. 4 (8/24/20, 8:35 AM, "Gavriel Kalfa: Will be sending you the invoice for the new stocks as well. Same arrangement with the down payment, confirmed?" 8/24/20, 8:38 AM "Ari Brown: Ok lmk. That's fine"); *see also* Kalfa Decl., ¶ 7.  A true and correct copy of the Email Correspondence dated August 24, 2020 is attached as Exhibit B to the Kalfa Decl.; a true and correct copy of the Sales Order dated August 24, 2020 is attached as Exhibit C to the Kalfa Decl.

5.      At the time, there was an unusually high demand for the Goods due to the COVID-19 pandemic, and prices had risen dramatically on these items. *See* Kalf Decl., ¶ 10.

6.      On August 25, 2020, Brown again confirmed the purchase of the Goods, by offering to pay a 10% deposit of the Original Purchase Price, totaling $378,907.20, and stating, "10% deposit good? im trust worthy." *See* Exhibit A, WhatsApp Messages, p. 6, 8/25/20, 1:01 PM; *see also* Kalfa Decl., ¶ 11.

7.      On August 27, 2020, Brown again confirmed the purchase of the Goods, by wiring $378,907.20 as a deposit for the Goods ("Wire Deposit"). *See* Kalfa Decl., ¶ 12; *see also* a true and correct copy of the Wire Deposit attached as Exhibit D to the Kalfa Decl.

2

8.     At his deposition in this matter, which took place on May 11, 2022, Brown again confirmed that Defendant Advacare had accepted the Contract and the Sales Order. A true and correct copy of the Transcript of the Deposition of Ari Brown ("Brown Transcript") is attached as Exhibit E to the Kalfa Decl., ps. 124-125, lines 22-8 ("So I spoke to them and said yeah, we'll take that on that schedule").

## B. The Revised Invoice And Schedule

9.     Although a portion of the Goods were delivered on schedule pursuant to the Sales Order, some of the Goods could not be delivered on time due to supply chain issues caused by the COVID-19 pandemic. Therefore, the initial delivery date was revised. *See* Kalfa Decl., ¶ 15.

10.     On or about September 16, 2020, by voice note, Kalfa informed Brown that the remainder of the Goods would arrive in the middle to end of November, 2020. *See* https://www.dropbox.com/scl/fi/2sszjs2jx4ysujlhmg10z/1-PTT-20200916-WA0023.opus?rlkey=fqqncil2iol7bn9bmzufsk9tw&dl=0 for a true and correct copy of this voice note; *see also* Kalfa Decl., ¶¶ 16-17.

11.     As a result of the delay, Focus Global and Advacare re-negotiated the price of the Goods. *See* https://www.dropbox.com/scl/fi/v58akruckpxgxpzjz3qyv/2-PTT-20200916-WA0033.opus?rlkey=hi3a1uwd70705bjrinry9dy7f&dl=0 for a true and correct copy of this voice note; *see also* https://www.dropbox.com/scl/fi/2sszjs2jx4ysujlhmg10z/1-PTT-20200916-WA0023.opus?rlkey=fqqncil2iol7bn9bmzufsk9tw&dl=0 ; *see also* Exhibit A, WhatsApp Messages, p. 13 (9/16/20 2:06 PM "Ari Brown: *no realistically its $25.00 and this is even a risk, but im willing to take it*") (emphasis added); *see also* Kalfa Decl., ¶¶ 17-19.

12.     Therefore, the parties agreed that the price would be lowered from $31.50 per unit to $25.00 per unit, for a revised purchase price of $2,427,300.00 ("Revised Purchase Price").

3

*See* Exhibit A, WhatsApp Messages, p. 12 (9/17/20, 6:25 AM and 9/17/20, 8:30 AM "Gavriel Kalfa: Okay. Confirmed; Ari Brown: revise the invoice"); (9/18/20, 5:49 AM "Gavriel Kalfa: You received the updated invoice yes?"); (9/18/20, 9:12 AM "Ari Brown: Yes tnx"); *see also* Kalfa Decl., ¶ 20.

13.    Additionally, $125,000.00 of the 10% deposit given by Advacare for the Goods was then applied to Advacare's purchase of other items under a different sales order, since the parties worked on multiple business deals together. *See*
https://www.dropbox.com/scl/fi/gaxjej65czu9j0fpbjhfm/3-PTT-20200917-WA0006-copy.opus?rlkey=wrrx708p8qmdi2698reh91wtf&dl=0 ; *see also*
https://www.dropbox.com/scl/fi/iay4y9810xwmul8l7q4ly/4-PTT-20200917-WA0007-copy.opus?rlkey=d090894atuvy7wpp8z3rw6bvb&dl=0 ; *see also*
https://www.dropbox.com/scl/fi/avf1nodu1k2tmxgqd4nbu/5-PTT-20200917-WA0009-copy.opus?rlkey=oqmtxv9jilg61euq90o4484d9&dl=0 ; *see also*
https://www.dropbox.com/scl/fi/zm99rvdosq8crtw57inx2/6-PTT-20200917-WA0010-copy.opus?rlkey=kl8rk3n4xynveprnkt2n2unfd&dl=0 ; *see also*
https://www.dropbox.com/scl/fi/wz0opnpl2xt7o1saenxpu/7-PTT-20200917-WA0011-copy.opus?rlkey=kgh8bxbp0ri95u8rzo2zvi0le&dl=0 ; *see also*
https://www.dropbox.com/scl/fi/3izm8txdlzyxxkhav7v4y/8-PTT-20200917-WA0012-copy.opus?rlkey=3p0uhdzbgl70njn3l1r4pv4yq&dl=0 for true and correct copies of these voice notes; *see also* Exhibit E, Brown Transcript, ps. 135-136, lines 25-5, 17-24; *see also* Kalfa Decl., ¶¶ 21-27.

14.    The price change and allocating a portion of the Deposit Wire to a separate sales order with Advacare was done in consideration of the revised schedule. Upon acceptance of the

Revised Purchase Price and re-allocation of the deposit, the total remaining owed for the Goods was $2,173,392.80.[1] *See* Kalfa Decl., ¶ 30.

15.    Advacare knew the Goods would be delayed, and therefore agreed to the revised price for the Goods and agreed to lower the deposit.  By these actions, *Advacare reaffirmed its commitment to the Contract and to pay and accept the Goods on the revised schedule and revised invoice* ("Revised Invoice and Schedule").  A true and correct copy of the Revised Invoice and Schedule is attached as Exhibit F to the Kalfa Decl.; *see also* Kalfa Decl., ¶¶ 28-29.

16.    *Ari Brown, on behalf of Advacare, acknowledged that there was some risk involved, but still stated "im willing to take it."* *See* Exhibit A, WhatsApp Messages, p.12 (9/16/20, 2:06 PM "Ari Brown: no realistically its $25.00 and this is even a risk, but im willing to take it"); *see also* Kalfa Decl., ¶ 31.

17.    *Advacare never repudiated the Contract and never indicated it would not accept the Goods. See* Kalfa Decl., ¶ 32.

### C.  Defendant's Breach Of Contract

18.    However, on or about October 1, 2020, Brown began messaging Kalfa about the drop in market price of the Goods, due to the pandemic.  *See* Exhibit A, WhatsApp Messages, p. 14 (10/1/20, 10:57 AM "Ari Brown: Market has dropped on the optim now paying $19.00 - $23.00"); *see also* Kalfa Decl., ¶ 33.

19.    On or about October 12, 2020, Brown continued the conversation about prices dropping and asked if Focus Global had another client to "take over" his invoice.  *See* Exhibit A, WhatsApp Messages, p. 14 (10/12/20, 2:06-2:07 PM "Ari Brown: The prices are dropping for disinfectant under $20.00; If you have another customer that can take over my invoice lmk"); *see*

---

[1]    This number is the Revised Purchase Price off $2,427,300.00, less the Wire Deposit of $328,907.20, plus $125,000.00, which was the portion of the Wire Deposit allocated to a different transaction between the parties.

*also* Kalfa Decl., ¶ 34.

20.    However, Kalfa responded that Focus Global did not and "unfortunately, there isn't much [Focus Global] can do. This order is allocated to [Advacare]." *See* Exhibit A, WhatsApp Messages, p. 14, 10/12/20, 2:14 PM and 2:18 PM; *see also* Kalfa Decl., ¶ 35.

21.    Brown continued to discuss the dropping market price and Kalfa responded *"we spoke about this and came down initially and both agreed on an acceptable price for the delay and timeline. I will not be able to lower the price again and this order is allocated to you."* *See* Exhibit A, WhatsApp Messages, p. 15 (emphasis added) (10/12/20, 2:28 PM "Ari Brown: Anyway. Your pricing will need to adjust according to market. Otherwise please try and sell and To someone else tnx"); (10/12/20, 2:29 PM, "Gavriel Kalfa: we spoke about this and came down initially and both agreed on an acceptable price for the delay and timeline. I will not be able to lower the price again and this order is allocated to you. If something comes up in your favor I will let you know"); *see also* Kalfa Decl., ¶ 36.

22.    On or about October 21, 2020, Kalfa advised Brown that as per the Revised Invoice and Schedule, some of the Goods had arrived and requested Brown send a wire payment, however Brown did not answer. *See* Exhibit A, WhatsApp Messages, p. 15 (10/21/20, 10:27 PM "Ari Brown: If you have someone else please sell somewhere else"); (10/21/20, 10:28 PM "Gavriel Kalfa: I don't have someone else. Need wire please. Thank you"); *see also* Kalfa Decl., ¶ 37.

23.    On or about October 27, 2020, Defendant breached the Contract it had with Focus Global completely and did not accept delivery of the Goods, nor did it pay the balance of the Revised Purchase Price still owed, $2,173,392.80. *See* Kalfa Decl., ¶ 38.

24.    At this time, when Advacare breached the Contract and did not perform under it,

6

Brown wrote to Focus Global, essentially admitting to breaching the Contract and stated, "I do have a major issue and that's pricing in a market where it's going back to normal . . . *And in all honesty you were fair and upfront about it. It's just a crazy market and you kept going up with the prices always.*" *See* Exhibit A, WhatsApp Messages, p. 16, 10/27/20, 11:49 AM. *See* Kalfa Decl., ¶ 39.

25.    Plaintiff paid millions of dollars to fill Advacare's order of the Goods, which Advacare refused to accept, and therefore it is now out a significant sum of money. A true and correct copy of Focus Global's Bank Statements showing outgoing wires for payment of the Goods is attached as Exhibit G to the Kalfa Decl.; *see also* Kalfa Decl., ¶¶ 40-41.

### D. Plaintiff's Mitigation Efforts

26.    Therefore, since Advacare refused delivery of the Goods it had contracted to purchase from Plaintiff, and breached the Contract, Plaintiff Focus Global was forced to initiate this action, while also trying to mitigate its damages. *See* Kalfa Decl., ¶ 42.

27.    Ultimately, even through its mitigation efforts, Focus Global was not able to recoup its full losses. To mitigate its damages, Focus Global was forced to sell the Goods individually one by one, on online stores such as Amazon and e-bay, at a large loss. True and correct copies of the sales orders showing Focus Global's sales of the Goods after Advacare breached the Contract, as well as a spreadsheet showing all the sales at a major loss to Focus Global, is attached as Exhibit H to the Kalfa Decl. ("Mitigation Documents"); *see also* Kalfa Decl., ¶¶, 43.

28.    Additionally, some items could not be sold due to the Goods expiring, and Focus Global only earned $559,919.64 after selling the Goods it was able to. Therefore, damages to

7

Focus Global from Advacare for the Goods total $1,613,473.16.[2] *See* Kalfa Decl., ¶¶ 44-45.

### E. The Lawsuit

29.    Plaintiff initiated this action against Defendant on or about December 22, 2020, by filing the Complaint ("Complaint") (D.E. 1).

30.    On or about June 11, 2021, Plaintiff amended its pleading and filed the Amended Complaint, asserting claims for breach of contract, promissory estoppel, negligent misrepresentation and account stated ("Amended Complaint") (D.E. 24).

31.    On or about June 25, 2021, Defendant filed its Answer to Amended Complaint and Counterclaims ("Counterclaims") (D.E. 25).

32.    On or about July 21, 2021, Plaintiff filed its Amended Answer and Affirmative Defenses to Defendant's Counterclaims (D.E. 26).

33.    On or about August 22, 2023, Plaintiff filed its Motion for Summary Judgment (D.E. 73-77-5).

34.    Subsequently, on or about May 6, 2024, the Court granted summary judgment to Plaintiff for Defendant's "breach of contract, and [Defendant's] counterclaims are dismissed" ("Summary Judgment Order") (D.E. 102).

35.    Accordingly, Defendant owes the remaining balance on the Contract to Focus Globa, less Focus Global's mitigation, which totals $1,613,473.16. *See* Mitigation Documents, Exhibit H; *see also* Kalfa Decl., ¶¶ 44-45.

36.    Plaintiff was only able to mitigate its damages by a small amount, due to the fluctuation in the market of the price of the Goods, market over saturation and expiration of

---

2       This number is the balance of the Revised Purchase Price owed, $2,173,392.80, less the amount earned by Focus Global through mitigation, $559,919.64. *See* Mitigation Documents, Exhibit H; *see also* Kalfa Decl., ¶¶ 43-45.

some of the products. Plaintiff was therefore significantly damaged in this amount. *See* Mitigation Documents, Exhibit H; *see also* Kalfa Decl., ¶¶ 42-45.

## CONCLUSIONS OF LAW

### PLAINTIFF IS ENTITLED TO ALL DAMAGES IT SUSTAINED DUE TO DEFENDANT'S BREACH OF THE CONTRACT

**A. Plaintiff Is Entitled To Actual Damages In The Amount Of $1,613,473.16**

Pursuant to the Court's Summary Judgment Order, the Court has granted Plaintiff's claim of breach of contract. *See* Summary Judgment Order, D.E. 102. Pursuant to New York law, the elements a plaintiff must prove in order to establish a breach of contract are "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011); *see also New York Cmty. Bank v. Est. of Paraskevaides*, 2019 WL 3024703, at *5 (S.D.N.Y. July 11, 2019).

Based on the messages cited above, a Contract existed between the parties. Plaintiff asked "any interest in these?" referring to the SciCan Optim 1 Wipes and SciCan Optim 33TB Wipes. *See* Exhibit A, WhatsApp Messages, p. 4; *see also* Kalfa Decl., ¶ 5. Defendant accepted the Goods, stating "I'll take the optim." *See* Exhibit A, WhatsApp Messages, p. 4. Ultimately, the parties agreed to specific terms for the Goods, *i.e.* a price of $31.50 per unit and an aggregate purchase price of $3,789,072.00. *See* Exhibit A, WhatsApp Messages, p. 4; *see also* Kalfa Decl., ¶ 7.

Next, Plaintiff performed its obligations under the Contract. While a portion of the Goods were delayed, the parties modified and assented to the modified Contract. Thus, due to the delay, the parties agreed that the price would be lowered from $31.50 per unit to $25.00 per

9

unit. *See* Exhibit A, WhatsApp Messages, p. 12. Moreover, a portion of the deposit was reallocated to a separate deal between the parties. *See* Kalfa Decl., ¶¶ 21-27. Under New York Law, a contract may be modified, where a valid contract exists and the parties assent to the modified terms. *See Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 502 (S.D.N.Y. 2022) ("[f]undamental to the establishment of a contract modification is proof of each element requisite to the formulation of a contract, including mutual assent to its terms"); *see also Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 783 (2d Cir. 2003). Accordingly, even though a portion of the Goods were delayed, the parties modified the terms and consented to the terms. *See* Exhibit A, WhatsApp Messages, p. 12. Defendant even asked for an updated invoice and confirmed its receipt. *See* Exhibit A, WhatsApp Messages, p. 12; *see also* Kalfa Decl., ¶ 20.

Nevertheless, even after accepting the new terms, Defendant breached the Contract by refusing to accept the Goods and failing to pay the agreed upon purchase price. *See* Kalfa Decl., ¶ 38. Plaintiff has demonstrated that it paid millions to fill Defendant's order of the Goods. *See* Exhibit G, Focus Global's Bank Statements; *see also* Kalfa Decl., ¶¶ 40-41. Ultimately, after Defendant's breach, Plaintiff attempted to mitigate its damages, but was only able to sell some of the Goods at a significant loss. *See* Mitigation Documents, Exhibit H; *see also* Kalfa Decl., ¶¶ 42-45. Additionally, some Goods expired and were unable to be sold. *See* Kalfa Decl., ¶ 44. Therefore, even with mitigation, Defendant still owes $1,613,473.16 to Plaintiff. *See* Mitigation Documents, Exhibit H; *see also* Kalfa Decl., ¶¶ 44-45.

In determining damages for breach of contract, the calculation is based on the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995), *citing Adams v. Lindblad Travel, Inc.*, 730 F .2d 89, 93 (2d Cir. 1984). Accordingly, here

10

it is appropriate to award Plaintiff the amount of $1,613,473.16, as this is the amount that will put Plaintiff into the position it would have been in, had Defendant not breached. *See* Kalfa Decl., ¶¶ 44-45. The balance of the Contract and of the Revised Purchase Price is $2,173,392.80, but subtracting the amount Plaintiff was able to mitigate, in order to be made whole Plaintiff is owed $1,613,473.16. *See* Kalfa Decl., ¶¶ 44-45.

### B. Plaintiff Is Entitled To Prejudgment Interest

Additionally, CPLR § 5001(a) and (b) states that, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract" and "shall be computed from the earliest ascertainable date the cause of action existed." *See* CPLR § 5001(a) and (b). Currently, the statutory interest rate in New York is nine percent. *See* CPLR § 5004; *see also Ramgoolie v. Ramgoolie*, 2021 WL 8013769, at *11 (S.D.N.Y. Nov. 24,2021), report and recommendation adopted, 2022 WL 669868 (S.D.N.Y. Mar. 4, 2022). As such, Plaintiff is also entitled to prejudgment interest on $1,613,473.16, be calculated at the nine percent yearly interest rate from October 27, 2020, until entry of the judgment. *See* Kalfa Decl., ¶ 46.

**-REMAINDER OF PAGE INTENTIONALLY LEFT BLANK-**

11

## CONCLUSION

For the foregoing reasons, Plaintiff 2591028 Ontario Limited d/b/a Focus Global is entitled to: a) a judgment in the amount of $1,613,473.16; b) plus prejudgment interest on this amount, to be calculated at nine percent per annum from the date of the breach, October 27, 2020, until entry of judgment.

Dated: New York, New York

September 20, 2024

TWERSKY PLLC

By: _____
Aaron Twersky, **Esq.**
Ilana Neufeld, Esq.
Mia Guttmann, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
(212) 355-5009 (fax)
atwersky@twerskylaw.com (e-mail)
ineufeld@twerskylaw.com (e-mail)

*Attorneys for Plaintiff*
*2591028 Ontario Limited*
*d/b/a Focus Global*

To:

Clerk of the Court (via ECF)

All Parties (via ECF)

SO ORDERED.

_____
U.S.D.J.
March 4, 2026

12